UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00222-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SCHYLER ALGERNON SMITH (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Schyler Algernon Smith ("Smith"). See Record Document 122. The United States of America ("the Government") opposed. See Record Document 125. Smith replied. See Record Document 126. For the reasons set forth below, Smith's § 2255 Motion (Record Document 122) is **DENIED**.

**BACKGROUND**

On February 7, 2019, Smith provided his coconspirator, Ladarrell Washington ("Washington"), with methamphetamine, which Washington sold to a confidential informant. See Record Document 125 at 2. On September 23, 2020, a federal grand jury returned a four-count indictment charging Smith and Washington with violations of distributing methamphetamine. See id. Smith was named in counts one and two, charging conspiracy to distribute methamphetamine and distribution of methamphetamine. See id. On October 5, 2020, Dhu Thompson ("Thompson") was appointed to represent Smith. See id. On June 14, 2021, Sarah Giglio ("Giglio") replaced Thompson as appointed counsel. See id. On October 21, 2021, pursuant to a written plea agreement, Smith pled

guilty to count one, charging him with conspiracy to distribute methamphetamine. See id. at 3.

A presentence investigation report was issued on January 13, 2022. See id. The base offense level was 24, but since Smith was considered a career offender under U.S.S.G. § 4B1.1, the offense level became 34. See id. For purposes of the career offender determination, one of the two prior felony convictions of a controlled substance offense included a guilty plea on March 17, 2010 for distribution of a "Schedule I controlled dangerous substance, namely marijuana" in the First Judicial District Court, Caddo Parish, Louisiana. See id. He was sentenced to eight years' imprisonment. See id. The other conviction was the guilty plea on April 14, 2015 for possession with intent to distribute Schedule I CDS, namely marijuana, in the First Judicial District Court, Caddo Parish, Louisiana. See id. He was sentenced to eight years' imprisonment. See id.

Smith's criminal history included the two convictions described above, as well as a conviction for possession of marijuana, second offense, for which he received one criminal history point, and a conviction for attempted possession of a firearm by a convicted felon, for which he received three criminal history points. See id. Because he was under criminal justice sentences when he committed the offense, two additional points were added. See id. Thus, his criminal history score was 15, which resulted in the criminal history category of VI, the same criminal history score as a career offender. See id. at 4. With a total offense of 34 and a criminal history category of VI, the guidelines range was 262 to 327 months. See id.

On January 28, 2022, Giglio filed five objections to the presentence investigation report. See id. On February 1, 2022, the Court denied Smith's pro se motion to withdraw

2

his guilty plea. See id. At the sentencing hearing held on April 5, 2022, the Court denied Giglio's objections to the presentence investigation report. See id. Giglio requested a variance with a range of 100 to 125 months. See id. The Court sentenced Smith to 262 months' imprisonment followed by four years of supervised release. See id. at 4–5.

On April 11, 2022, Giglio's motion to withdraw was granted, and Christopher Aberle ("Aberle") was appointed to represent Smith on appeal. See id. at 5. The Fifth Circuit affirmed Smith's sentence and rejected his argument that his conviction for conspiracy could not serve as a predicate offense triggering the career offender enhancement. See id. On February 20, 2024, the United States Supreme Court denied Smith's writ of certiorari. See id. Smith timely filed the instant Motion on January 6, 2025. See Record Document 122.

## LAW AND ANALYSIS

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992). Additionally, the Fifth Circuit has held a claim is not procedurally barred from collateral review if the defendant can show "cause for the default and actual prejudice as a result." U.S. v. Robinson, 323 Fed. Appx. 340, 341 (5th Cir. 2009).

"To show cause for a procedural default, a movant must 'show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" Id. at 342 (quoting U.S. v. Guerra, 94 F. 3d 989, 993 (5th Cir. 1996) (citation omitted)). To demonstrate actual prejudice, a movant must show "'not merely that the errors…created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" Id. (quoting Hughes v. Quarterman, 530 F. 3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted)).

"Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021) (citing Bousley v. U.S., 523 U.S. 614, 622 (1998)). If the defendant cannot illustrate "a 'colorable showing of factual innocence,'" he fails to demonstrate a fundamental miscarriage of justice. Id. (citing U.S. v. Flores, 981 F. 2d 231, 236 (5th Cir. 1993)).

**II. Ineffective Assistance of Counsel.**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the

4

defendant. See Strickland v. Wash., 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F. 3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F. 3d 837, 839 (5th Cir. 2003)). To prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F. 3d 811, 815 (5th Cir. 2000).

**III. Summary of the Arguments.**

Smith challenges his sentence on three grounds: (1) misclassification as a career offender; (2) ineffective assistance of counsel at sentencing; and (3) ineffective assistance of counsel on appeal. See Record Document 122. With respect to ground one, Smith argues he "is not a career offender because his prior Louisiana marijuana offenses, relied upon by the Court to so characterize him are not 'controlled substance offenses' within the meaning of U.S.S.G. § 4B1.2(b)." See Record Document 122-1 at 7. He cites to U.S. v. Minor, 121 F. 4th 1085 (5th Cir. 2024), to support his argument. See id. at 7–8.

As to ground two, Smith asserts that Giglio failed to file a timely objection to his classification as a career offender and failed to object to his sentencing as a career offender, on the grounds "that his prior Louisiana marijuana offenses did not qualify as

5

controlled substance offenses under the career offender guideline." See id. at 16. He submits he suffered prejudice because the Court could have sustained these objections, which would have reduced the guideline imprisonment range. See id. at 17.

With respect to ground three, Smith argues that Aberle failed to appeal his sentencing as a career offender on the grounds that his prior convictions did not qualify as controlled substance offenses. See id. at 18. He advances he suffered prejudice because "there is a reasonable probability that the Fifth Circuit would have remanded for resentencing without the career offender enhancement." See id. Smith ultimately seeks resentencing without erroneous classification as a career offender. See id. at 20.

The Government opposes, asserting that Smith's first claim arguing he was incorrectly sentenced as a career offender is not cognizable under § 2255. See Record Document 125 at 10. While he raises a potentially viable issue in light of Minor, the Government contends that this issue cannot be considered under § 2255. See id. Additionally, the Government submits that Giglio and Aberle were not ineffective for failing to challenge the career offender determination on the basis delineated in Minor, as the Minor decision had not been decided at the time of sentencing and appeal and Fifth Circuit jurisprudence at the time would not have entitled Smith to relief. See id. at 11.

Smith responds, reiterating that he is entitled to resentencing on ground one. See Record Document 126 at 3. Furthermore, he submits that the Government's bases for denial of grounds two and three are insufficient. See id. at 4. He reasserts that his Motion should be granted. See id. at 6.

**IV. Analysis.**

Smith's claim under ground one relates to a technical application of the sentencing guidelines because it refers to his classification as a career offender and the appropriate guideline range. Issues regarding the application of the sentencing guidelines should be raised on direct appeal, not in a § 2255 motion. See Stamper, 2021 WL 3847816, at *5; see also U.S. v. Williams, No. 18-00152-01, 2020 WL 475815, at *2 (W.D. La. Jan. 28, 2020). Since Smith's first claim does not implicate any constitutional issues, this claim should have been raised on direct appeal rather than a § 2255 motion.

Even if Smith's first claim implicated constitutional issues, it is still unsuccessful because he has not shown cause and prejudice. He has not pointed to any evidence showing he was prohibited from raising this claim on direct appeal. In fact, he appealed his sentence to the Fifth Circuit on the grounds that the career offender enhancement was incorrectly applied. See Record Document 120. The Fifth Circuit affirmed this Court's Judgment. See id. The Court finds Smith has not shown cause and prejudice. Even though the Court finds Smith has not shown cause and prejudice, his first claim may survive if he can demonstrate his actual innocence. However, his Motion makes no mention or showing of his actual innocence. The Court finds his first claim meritless and procedurally barred.

Smith's two ineffective assistance of counsel claims fail both prongs of the Strickland analysis. The Fifth Circuit's decision in Minor was not published until 2024, and Smith's sentencing and appeal occurred during 2022. Thus, neither Giglio nor Aberle could have been aware of the Minor opinion at the time. The Fifth Circuit has held that

7

"'[c]lairvoyance is not a required attribute of effective representation.'" Brewer v. Lumpkin, 66 F. 4th 558, 565 (5th Cir. 2023) (quoting U.S. v. Fields, 565 F. 3d 290, 295 (5th Cir. 2009)).

Filing the objections suggested by Smith would have been frivolous under the applicable Fifth Circuit case law in 2022. "On numerous occasions, the Fifth Circuit has noted that '[c]ounsel cannot be deficient for failing to press a frivolous point.'" U.S. v. Nelson, No. 17-00246-01, 19-0431, 2023 WL 1073719, at *3 (W.D. La. Jan. 26, 2023). See Sones v. Hargett, 61 F. 3d 410, 415, n. 5 (5th Cir. 1995) (citing Koch v. Puckett, 907 F. 2d 524, 527 (5th Cir. 1990)); see also U.S. v. Gibson, 55 F. 3d 173, 179 (5th Cir. 1995), Murray v. Maggio, 726 F. 2d 279, 283 (5th Cir. 1984). Therefore, Giglio and Aberle were not ineffective because they failed to file frivolous objections. Smith has failed to demonstrate that the outcome would have been different if Giglio or Aberle had raised such objections, especially since the Fifth Circuit held the career offender enhancement was correctly applied. Thus, his ineffective assistance of counsel claims must be rejected.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Smith's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Record Document 122) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 16th day of April, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE